Berzon, Circuit Judge, concurred and filed opinion.

**Roger Joseph BEAULIEU,**
**Plaintiff–Appellant,**

**v.**

**NORTHROP GRUMMAN CORPORA-**
**TION; Adecco Employment Services,**
**Inc., Defendants–Appellees.**

No. 00–17517.

D.C. No. CV–99–00537–ACK–BMK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2001.

Decided Dec. 19, 2001.

Before THOMPSON, O'SCANNLAIN, and BERZON, Circuit Judges.

## MEMORANDUM *

Roger Joseph Beaulieu ("Beaulieu") appeals the district court's summary judgment in favor of his former employers Northrop Grumman Corporation ("Northrop") and Adecco Employment Services ("Adecco") (collectively "defendants"). Beaulieu argues that there is a genuine issue of material fact regarding: (1) whether his diabetes is a disability within the meaning of the Americans with Disabilities Act ("ADA") requiring the defendants to provide him with a reasonable accommodation; and (2) whether he was fired in retaliation for his request for accommodation of his diabetes. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Beaulieu alleged that the defendants discriminated against him under Title I of the ADA and corresponding Hawaii statutes by failing to grant his request for a reasonable accommodation for his diabetes. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9 (2001). As an employee seeking accommodation, Beaulieu has the initial burden of showing he is disabled within the meaning of the ADA. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 794 (9th Cir.2001). The district court properly found that Beaulieu failed to make this showing.

■ Although diabetes is a recognized impairment, Beaulieu's diabetes does not substantially limit him in a major life activity. *Bragdon v. Abbott*, 524 U.S. 624, 631, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998).

Beaulieu's diabetes requires moderate modification of his eating,[1] but Beaulieu did not demonstrate that he is "[u]nable" to eat or that his eating is "significantly restricted ... as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. · § 1630.2(j)(1)(2001). In this way, Beaulieu's claim differs substantially from that of the plaintiff in *Lawson v. CSX Transportation, Inc.*, 245 F.3d 916, 924–25 (7th Cir.2001) (noting that the severity of the limitations on plaintiff's eating distinguished his case from the numerous other decisions finding that moderate dietary restrictions do not constitute a disability under the ADA). Viewing the evidence in the light most favorable to Beaulieu, the defendants were entitled to summary judgment on his failure to accommodate claim because he failed to establish that he is disabled within the meaning of the ADA.

■ Beaulieu also alleged that Northrop[2] fired him in retaliation for requesting a reasonable accommodation for his diabetes. As the district court determined, however, Beaulieu failed to establish a prima facie case of retaliation because there was no causal link between his request for accommodation and the termination of his employment. *Trent v. Valley Electric Ass'n*, 41 F.3d 524, 526 (9th Cir. 1994) (setting forth elements of prima facie retaliation claim). Beaulieu requested accommodation for his diabetes in January and February 1997. After that request was denied, he arrived at work on time. His employment was not terminated by Northrop until July 29, 1997, following Beaulieu's insubordination in the presence

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In the district court, Beaulieu alleged that his diabetes substantially limited his major life activities of eating, working, walking, and breathing. On appeal, Beaulieu argues that only his eating was substantially limited, and we confine our discussion to that contention.

2. Beaulieu's retaliation claim against Adecco was dismissed prior to summary judgment.

of Navy officials, and when Northrop's contract funds were exhausted. There was no evidence connecting Beaulieu's termination to his request for accommodation six months earlier.

Beaulieu's intentional infliction of emotional distress and other state law claims were properly dismissed by the district court and require no further discussion. The district court also properly denied Beaulieu's motion for reconsideration.

AFFIRMED.

BERZON, Circuit Judge, concurring.

BERZON, Circuit Judge.

I concur in the court's disposition with the following exception: I would not reach the question whether Beaulieu is substantially limited in a major life activity, and therefore do not concur in the court's discussion of that question. The Ninth Circuit has never decided whether the necessity that diabetics strictly control their eating and dietary habits can constitute a substantial limitation in a major life activity for ADA purposes. *Lawson v. CSX Transportation, Inc.*, 245 F.3d 916, 924–25 (7th Cir.2001) did address the question and held that diabetics' eating restrictions can constitute a substantial impairment. *Lawson* does not seem to me to be meaningfully distinguishable on its facts from this case as to the nature and severity of the eating restrictions the plaintiff must follow. So I would assume for purposes of this case, without deciding, that Beaulieu is a qualified person with a disability for ADA purposes.

I nonetheless concur because, even assuming Beaulieu is disabled under the ADA, the accommodation he requested of coming to work 10 to 15 minutes late every morning was not reasonable because it was unnecessary. Beaulieu did not adequately explain why he could not rearrange his breakfast routine to get to work on time. The defendants, on the other hand, sug-

gested reasonable alternatives, which Beaulieu declined. *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000) (en banc) *cert. granted in part,* —— U.S. ——, 121 S.Ct. 1600, 149 L.Ed.2d 467 (employer has a mandatory obligation to engage in interactive process to determine whether accommodations are appropriate for employee's recognized disability). Beaulieu's supervisor suggested that instead of eating at the particular restaurant Beaulieu preferred, where the service was sometimes slow and caused him to be late, he could get a take-out meal or prepare a breakfast to bring with him to work and eat at his workstation. Either of these options would have enabled Beaulieu to eat at about the same time he was eating when he arrived late, and still come to work on time.

I therefore concur in the judgment, and in all of the court's disposition except as noted above.